UNITED STATES DISTRICT COURT
DISTRICT OF SOUTH CAROLINA
FLORENCE DIVISION

Darin Blain Vitolo, #1205536,

Plaintiff,

v.

Lea Ashley Shannon Wright,

Defendant.

C/A No. 4:05-2246-GRA-TER

ORDER
(Written Opinion)

This matter is before the Court for a review of the magistrate's Report and Recommendation made in accordance with 28 U.S.C. § 636(b) and Local Rule 73.02(B)(2)(d), D.S.C., and filed September 9, 2005. The magistrate recommends dismissing the action without prejudice and without issuance and service of process. For the reasons stated below, the Report and Recommendation is accepted and modified.

The Plaintiff is proceeding *pro se*. This Court is required to construe *pro se* pleadings liberally. Such pleadings are held to a less stringent standard than those drafted by attorneys. *Gordon v. Leeke*, 574 F.2d 1147, 1151 (4th Cir. 1978). This Court is charged with liberally construing a pleading filed by a *pro se* litigant to allow for the development of a potentially meritorious claim. *Haines v. Kerner*, 404 U.S. 519, 520 (1972).

The magistrate makes only a recommendation to this Court. The

1

recommendation has no presumptive weight, and responsibility for making a final determination remains with this Court. *Mathews v. Weber*, 423 U.S. 261, 270-71 (1976). This Court is charged with making a *de novo* determination of those portions of the Report and Recommendation to which specific objection is made, and this Court may "accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate." 28 U.S.C. § 636(b)(1). This Court may also "receive further evidence or recommit the matter to the magistrate with instructions." *Id.*

In order for objections to be considered by a United States District Judge, the objections must be timely and must specifically identify the portions of the Report and Recommendation to which the party objects and the basis for the objections. Fed. R. Civ. P. 72(b); *see United States v. Schronce*, 727 F.2d 91, 94 n.4 (4th Cir. 1984); *Wright v. Collins*, 766 F.2d 841, 845-47 nn.1-3 (4th Cir. 1985). "Courts have . . . held *de novo* review to be unnecessary in . . . situations when a party makes general and conclusory objections that do not direct the court to a specific error in the magistrate's proposed findings and recommendation." *Orpiano v. Johnson*, 687 F.2d 44, 47 (4th Cir. 1982). Furthermore, in the absence of specific objections to the Report and Recommendation, this Court is not required to give any explanation for adopting the recommendation. *Camby v. Davis*, 718 F.2d 198 (4th Cir. 1983). Plaintiff has filed an objection to the magistrate's Report and Recommendation.

Plaintiff's sole objection is that the magistrate failed to address in his Report and Recommendation that Plaintiff's complaint is based on a violation of Plaintiff's Sixth

Amendment constitutional right to a speedy trial.  Plaintiff is a pretrial detainee at the

Charleston County Detention Center and is awaiting trial on state criminal charges.

Plaintiff admits in his complaint that he has not exhausted his state remedies for the

alleged violation of his constitutional rights. (Complaint at 2). Plaintiff alleges that the

Defendant violated his constitutional right to a speedy trial by ignoring an Order issued

by the state trial court, that his trial commence within 60 days of said order allegedly

issued on March 1, 2005. Further, Plaintiff avers that he has filed several motions with

the trial court for a speedy trial, none of which have been brought before the Court and

that the Defendant was fully aware of the Plaintiff's desire to exercise his right to a

speedy trial. Plaintiff's objection is without merit and the magistrate's Report and

Recommendation is modified for reasons set forth below.

Absent extraordinary circumstances, federal courts are not authorized to interfere

with a State's pending criminal proceedings.  *See, e.g., Younger v. Harris*, 401 U.S. 37, 44

(1971); *Harkrader v. Wadley*, 172 U.S. 148, 169-170 (1898); *Taylor v. Taintor*, 83 U.S. (16

Wall.) 366, 370 & n. 8 (1873);[1] *Nivens v. Gilchrist*, 319 F.3d 151, 2003 U.S.App. LEXIS®

2453 (4th Cir. 2003); and *Cinema Blue of Charlotte, Inc. v. Gilchrist*, 887 F.2d 49, 50-53

(4th Cir. 1989), *cert. denied*, 494 U.S. 1030, 1990 U.S. LEXIS® 1399 (1990).  In *Cinema*

---

[1]Although the Supreme Court of the United States has not overruled Taylor v. Taintor, an unrelated portion of the decision in Taylor v. Taintor, which concerned the right of sureties to apprehend principals, has been superannuated by statute in Texas.  *See* Green v. State, 829 S.W.2d 222, 223, 1992 Tex. Crim. App. LEXIS® 102 (Tex. Crim. App. 1992)("However, *Taylor* is not the law in Texas."), *affirming* Green v. State, 785 S.W.2d 955, 1990 Tex. App. LEXIS® 806 (Tex. App. Fort Worth 1990).

*Blue of Charlotte, Inc. v. Gilchrist,* the United States Court of Appeals for the Fourth Circuit ruled that federal district courts should abstain from constitutional challenges to state judicial proceedings, no matter how meritorious, if the federal claims have been or could be presented in an ongoing state judicial proceeding. *Cinema Blue of Charlotte, Inc. v. Gilchrist, supra*, 887 F.2d at 52. Moreover, the Anti-Injunction Act, 28 U.S.C. § 2283, expressly prohibits this court from enjoining such proceedings. *See also Bonner v. Circuit Court of St. Louis*, 526 F.2d 1331, 1336 (8th Cir. 1975)(*en banc*), *cert. denied*, 424 U.S. 946 (1976).

In *Bonner*, the United States Court of Appeals for the Eighth Circuit pointed out that federal constitutional claims are cognizable in both state courts and in federal courts: "Congress and the federal courts have consistently recognized that federal courts should permit state courts to try state cases, and that, where constitutional issues arise, state court judges are fully competent to handle them subject to Supreme Court review." *Id*. In the Plaintiff's case, the state court is fully competent to handle Plaintiff's claims.

In *Younger, supra*, the Supreme Court emphatically reaffirmed "the fundamental policy against federal interference with state criminal prosecutions." 401 U.S. at 46, 91 S.Ct. at 751. It made clear that even, "the possible unconstitutionality of a statute "on its face" does not in itself justify an injunction against good faith attempts to enforce it." 401 U.S. at 46, 91 S.Ct. at 755. At the same time, however, the Court clearly left room for injunctive intervention in a

pending state court prosecution in certain exceptional circumstances, where irreparable injury is "both great and immediate," 401 U.S. at 46, 91 S.Ct. at 751, where the state law is flagrantly and patently violative of express constitutional prohibitions, " 401 U.S. at 46, 91 S.Ct. at 755, or where there is a showing of bad faith, harassment, or…other unusual circumstances that would call for equitable relief." 401 U.S. at 46, 91 S.Ct. at 755.

In the companion case of *Perez v. Ledesma*, 401 U.S. 82, 91 S.Ct. 674, 27 L.Ed.2d 701, the Supreme Court said that "only in cases of proven harassment or prosecutions undertaken by state officials in bad faith without hope of obtaining a valid conviction and perhaps in other extraordinary circumstances where irreparable injury can be shown is federal injunctive relief against pending state prosecutions appropriate." 401 U.S. 85, 91 S.Ct. 677. Plaintiff has not set forth evidence of bad faith, harassment or other unusual circumstances that would call for equitable relief from this Court. Further Plaintiff has failed to set forth any extraordinary circumstances where he would suffer irreparable injury. It does not appear from the record that the Plaintiff has been threatened with any injury other than that incidental to every criminal proceeding brought lawfully and in good faith. *Younger, supra*, 401 U.S. at 47. Therefore this Court must abstain from interfering in Plaintiff's properly pending state criminal prosecution.

In any event, it is also clear that Plaintiff has not exhausted his state remedies. If Plaintiff is later convicted and sentenced in his pending criminal case, he has the

remedy of filing a direct appeal.  *Castille v. Peoples*, 489 U.S. 346, 349-352, 1989 U.S. LEXIS® 1040 (1989). If his direct appeal is unsuccessful, Plaintiff can file an application for post-conviction relief.  *See* § 17-27-10, *et seq.*, South Carolina Code of Laws.  Moreover, if a South Carolina prisoner's application for post-conviction relief is denied or dismissed by a Court of Common Pleas, he or she can file an appeal in that post-conviction case.  *See* § 17-27-100, South Carolina Code of Laws; and *Knight v. State*, 284 S.C. 138, 325 S.E.2d 535, 1985 S.C. LEXIS® 312 (1985).

It is well settled that a direct appeal is a viable state court remedy.  *Castille v. Peoples, supra*, 489 U.S. at 349-352.  The United States Court of Appeals for the Fourth Circuit has held that South Carolina's Uniform Post-Conviction Procedure Act, which is currently codified at § 17-27-10 *et seq.*, South Carolina Code of Laws, is also a viable state-court remedy.  *See Miller v. Harvey*, 566 F.2d 879, 880-881 (4th Cir. 1977), *cert. denied*, 439 U.S. 838 (1978); and *Patterson v. Leeke*, 556 F.2d 1168, 1170-1173 (4th Cir.), *cert. denied*, 434 U.S. 929 (1977).

The Sixth Amendment, which, *inter alia*, provides that criminal defendants have the right to a speedy and public trial, was made applicable to the States in 1948.  *See In Re Oliver*, 333 U.S. 257, 273 (1948).  Even so, in light of Plaintiff's failure to exhaust his state remedies, it is unnecessary for this court to conduct a full analysis of the four-part "speedy trial" test set forth by the Supreme Court in *Barker v. Wingo*, 407 U.S. 514, 530 (1972).

Therefore, after a review of the magistrate's Report and Recommendation, this

6

Court finds that the report is based upon the proper law and modified as such to incorporate the analysis as set forth in this decision.  Accordingly, the Report and Recommendation is accepted as modified.

IT IS THEREFORE ORDERED that this action be DISMISSED without prejudice and without issuance and service of process.

IT IS SO ORDERED.

G. ROSS ANDERSON, JR.
UNITED STATES DISTRICT JUDGE

Anderson, South Carolina

September 20, 2005

## NOTICE OF RIGHT TO APPEAL

Plaintiff has the right to appeal this Order within thirty (30) days from the date hereof, pursuant to Rules 3 and 4 of the Federal Rules of Appellate Procedure.  Failure to meet this deadline, as modified by Rule 4 of the Federal Rules of Appellate Procedure, will waive the right to appeal.